# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

BOBBY R. CROOM                                                                    PLAINTIFF

v.                                                                         No. 2:07CV199-P-A

COAHOMA COUNTY
SHERIFF'S DEPARTMENT, ET AL.                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Bobby R. Croom, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has been incarcerated in the Coahoma County Jail since August 8, 2007. He sets forth the following thirteen[1] claims in his complaint:

1.      The jail administration has supplied him with the same plastic fork, spoon, and styrofoam cup, which he has used since his arrival.

2.      Upon his arrival at the jail, he informed the booking officer of several medical problems. The plaintiff did not receive medical treatment until he filled out a sick call request form seeking treatment for severe varicose veins due to complications from a gunshot wound. The nurse examined the plaintiff, and the plaintiff later saw a doctor, who prescribed medication (Ultram)

---

[1]The court has combined the plaintiff's claims of denial of medical care for ease of discussion.

to treat the varicose veins.  Three weeks later, the plaintiff visited the doctor again and complained that the Ultram made him drowsy but not seem to be helping the pain.  The doctor prescribed a different medication, but the plaintiff had not received the new medication at the time of his complaint.

3. The plaintiff has been denied access to yard call for weeks at a time,

4. The plaintiff's laundry is returned to him dingy-looking and foul-smelling,

5. The plaintiff's cell windows have been covered with sheet metal,

6. The sewer cap in "C" Pod is missing, causing foul odor to escape into the pod

7. The ventilation system in the jail is not functioning properly,

8. A female guard unqualified to dispense medication passes out medication to the inmates,

9. The kitchen is infested with roaches,

10. Inmates are not permitted to receive any reading materials,

11. The Coahoma County Jail does not have a formal written disciplinary system,

12. The plaintiff's incoming and outgoing mail is being tampered with,

13. The plaintiff's legal mail is opened by jail staff as if it were personal mail.

As discussed below, the plaintiff's claims in grounds 1, 2, 4, 5, 8, 10, and 11 shall be dismissed for failure to state a claim upon which relief could be granted.  The plaintiff's claims in grounds 3, 6, 7, 9, 12, and 13 shall proceed to a hearing under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

## Repeated Use of Disposable Utensils

The plaintiff complains that he has been given a single plastic fork and spoon and a single styrofoam cup to use for weeks at a time.  He argues that the defendants should replace

these items each day, as they were designed to be disposable. The plaintiff has not, however, alleged that he has suffered any harm from using the disposable flatware and cup. As such, this claim shall be dismissed for failure to state a claim upon which relief could be granted.

## Denial of Medical Care

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v.*

*City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff claims that the defendants denied him medical treatment for varicose veins because he informed the booking officer of his medical needs, but did not receive treatment until after filling out a sick call request form. Then, when the first treatment proved not to be effective, the doctor prescribed a different medication, which the plaintiff had not received by the filing of his complaint. He also complains that a female guard with no medical training passes out medication to the inmates in the Coahoma County Jail when passing out the food, and sometimes she drops the medication into the food.

These allegations fails to state a claim upon which relief could be granted. First, the proper procedure to receive medical care in jail is to fill out a sick call request form. Once the plaintiff did so, he received medical attention. Second, the plaintiff received follow-up care and was prescribed a different medication when he complained that the first medication was not effective. The plaintiff has not alleged that he filled out a second medical request form or otherwise sought further medical attention when he did not initially receive the new medication. In addition, he does not allege that he suffered substantial harm from the delay – or from the

female guard's method of passing out medication. The plaintiff's allegations set forth, at most, a claim of negligence, which is insufficient to state a claim under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). For these reasons, the plaintiff's claims of denial of medical care must be dismissed with prejudice.

### Laundry and Cell Windows

The plaintiff's claims regarding the state of his laundry and the covering of the cell windows in the Coahoma County Jail with sheet metal. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court finds that these claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *Woods*, 51 F.3d at 581. The plaintiff's allegations regarding smelly laundry and cell windows covered with sheet metal might have caused the plaintiff some discomfort and inconvenience, but nothing more. As such, these two claims shall be dismissed with prejudice.

### Lack of a Formal Disciplinary System

The plaintiff's complaint of the lack of a formal disciplinary system at the jail fails to state a claim upon which relief could be granted. He alleges only, "No disciplinary system[.] [O]nce an inmate is accused, that inmate is guilty[,] as well, as far as the administration is concerned." First, there is no constitutional requirement that a county jail maintain a formal disciplinary system. Second, the plaintiff has not alleged that he has been found guilty of a jail rule infraction and has been punished without due process of law. As such, this ground shall be dismissed for failure to state a claim upon which relief could be granted.

### Remaining Claims

The plaintiff's allegations regarding denial of exercise and recreation, exposure to sewer gases, failed ventilation system, kitchen roach infestation, and mail tampering shall be set for a hearing under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) by separate order of the court. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE