**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**BOBBY R. CROOM**                                                                            **PLAINTIFF**

**v.**                                                                            **No. 2:07CV199-P-A**

**COAHOMA COUNTY SHERIFF'S**
**DEPARTMENT, ET AL.**                                                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

On January 23, 2008, plaintiff Bobby R. Croom (# K9608), a state inmate housed at the

Coahoma County Jail, appeared before the undersigned for a hearing pursuant to *Spears v.*

*McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for

his claim filed pursuant to 42 U.S.C. § 1983.  A plaintiff's claim shall be dismissed if "it lacks an

arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that

does not exist."  *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted).  For the

purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated

when he filed this lawsuit.[1]

Some of the plaintiff's claims were dismissed in the court's memorandum opinion and

judgment of December 12, 2007.  The undersigned considered these remaining claims at the

*Spears* hearing of January 23, 2008:

▸      Outdoor exercise is only available every few weeks;

▸      The sewer cap by the shower in "C" Pod is missing, causing a foul odor and the presence
        of flies;

▸      Roaches infest the jail kitchen;

---

[1]28 U.S.C. § 1915(g).

▸     Inmates are not permitted any reading materials other than legal mail and personal mail.

▸     The defendants have tampered with the plaintiff's incoming and outgoing mail and opened his legal mail as if it were personal mail;

▸     The defendants serve food through a tray slot covered in dried food an juice; and

▸     The Coahoma County Jail does not test inmates for tuberculosis or other communicable diseases prior to incarceration.

For the reasons set forth below, the undersigned recommends dismissal of two defendants: the Coahoma County Sheriff's Department and Sheriff Andrew Thompson. In addition, the undersigned recommends dismissing all of the plaintiff's remaining claims except the claim that he is not permitted any reading materials other than personal or legal mail.

### General Conditions of Confinement: Lack of Exercise, Missing Sewer Cap, Clogged Ventilation System, Roaches, Dirty Food Tray Slots, and Failure to Test for Communicable Diseases

The plaintiff claims that from August 2007 to January 2008 he and the other inmates at the Coahoma County Jail were permitted outdoor recreation only four times, although he also testified that the defendants have recently changed the jail policy to permit daily outdoor recreation. Before he was incarcerated in Coahoma County, the plaintiff was diagnosed with severe varicose veins in his leg resulting from a gunshot wound. Exercise on a soft surface helps with the pain of the varicose veins, and exercise on the concrete and steel of the jail does not help. He acknowledged that the concrete and asphalt surface of the exercise yard would not help his varicose veins any more than the floor inside the jail.

He also claims that the sewer vent cap is missing near the shower in "C" Pod (where he is housed), causing the foul odor of sewer fumes and the presence of insects or flies. Plaintiff testified, however, that he and other inmates have plugged the hole with rags, which removed the

odor and got rid of the flies.  The plaintiff testified that dust and dirt fall out of the ventilation ducts and that the jail administration will not address the problem despite the repeated complaints of the inmates.

Plaintiff stated that roaches infest the jail kitchen and that he and other inmates have returned food on more than one occasion because it contained roaches.  The plaintiff received a new tray of food each time this occurred.  He also stated at the hearing that the slot through which the jail staff pass his food tray each meal is caked with dried food and juice, and, although he has requested supplies to clean the slot, he receives only the mop and bucket used to clean the floor.  Finally, the plaintiff complains that none of the inmates entering the Coahoma County Jail are tested for communicable diseases such as tuberculosis.  After describing these various claims to the undersigned at the *Spears* hearing, the plaintiff testified that although these things concerned him and sometimes disgusted him, he had not become sick or suffered ill effects from these conditions.

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience."  *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted).  "Inmates cannot expect the amenities, conveniences, and services of a good hotel."  *Id.* at 849 n.5 (citation omitted).  It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  Furthermore, based upon a review of the totality of the circumstances,

*McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the undersigned finds that the instant claims do not rise to the level of a constitutional violation.  The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time; nor has he suffered any illness or concrete adverse effects from the conditions described in the complaint or at the hearing.  As such, the undersigned recommends that the plaintiff's claims regarding the general conditions of his confinement be dismissed.

### Mail Tampering

The plaintiff testified that his bail bondsman had sent him a letter enclosing a document relating to another criminal proceeding which has been dismissed and a check for the return of a portion of bond money, but the plaintiff never received the letter.  The plaintiff's bail bondsman did, however, assure the plaintiff that he would hand-deliver a new check and copy of the document.  On another occasion, the plaintiff's brother sent the plaintiff some legal forms, but the forms were returned because the package containing the forms had been opened.  The brother mailed the forms again, and the plaintiff received them.  Finally, the plaintiff's mother sent him a letter, but plaintiff did not receive it  until fifteen days later.

In order for the plaintiff to prevail on his claim of unconstitutional mail tampering, he must prove each of the following elements by a preponderance of the evidence:  (1) that the prison officials intentionally confiscated his mail, and (2) that the confiscation of the plaintiff's mail resulted in actual harm to him.  *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)*, Brewer v. Wilkerson*, 3 F.3d 816, 824-25 (5th Cir. 1993), *Lewis v. Casey*, 518 U.S. 343, 349 (1996), *Jones v. Greninger*, 288 F.3d. 322, 325 (5th Cir. 1999).  In order to prevent the transfer of contraband into or out of a prison, authorities may open a prisoner's mail for inspection.  *Guajardo v. Estelle,* 580

F.2d 748, 759 (5th Cir.1978). In this case, the plaintiff has received all but one of the pieces of mail sent to him, and has received assurances from the sender of the final piece that he will receive that, as well. The plaintiff has not alleged that any problem with his mail denied him meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821-23, 97 S.Ct. 1491, 1494-96, 52 L.Ed.2d 72 (1977); *Jackson v. Procunier,* 789 F.2d 307, 311-12 (5th Cir.1986). Likewise, he has not alleged that any legal mail *en route* to or from an attorney or the court was tampered with or impermissibly handled. For these reasons, the plaintiff's claims for denial of access to the courts and free speech through mail tampering do not rise to the level of constitutional claims, and must, therefore, fail. *Brewer v. Wilkerson,* 3 F.3d 816, 824-25 (5th Cir. 1993).

### Dismissal of the Coahoma County Sheriff's Department and Sheriff Andrew Thompson

The plaintiff has named Sheriff Andrew Thompson and the Coahoma County Sheriff's Department as defendants in this case. First, a Sheriff's Department is not a sueable entity. *Isaac v. Glennis,* 32 F.3d 566 (5th Cir. 1994). As such, the Coahoma Count Sheriff's Department should be dismissed from this case. In addition, at the *Spears* hearing, the plaintiff stated that, although he had not spoken to Sheriff Thompson about these problems, Thompson was included as a defendant because he was in charge of the jail and should know what is going on there. Section 1983 liability cannot, however, be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action pursuant to § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards,* 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir. 1983)). As Sheriff Thompson had no personal involvement in the plaintiff's

claims, those claims should be dismissed for failure to state a claim upon which relief could be granted.

In sum, all the plaintiff's claims against Sheriff Thompson and the Coahoma County Sheriff's Department should be dismissed with prejudice for failure to state a constitutional claim. In addition the plaintiff's claims regarding lack of exercise, the missing sewer cap, clogged ventilation system, roaches, dirty food tray slots, failure to test for communicable diseases, and mail tampering should be dismissed for failure to state a claim upon which relief could be granted. The plaintiff's claim regarding lack of opportunity to exercise and denial of all reading materials shall, however, proceed.

### Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten

(10) days of this date.  The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 8th day of February, 2008.


/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE