**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**BOBBY R. CROOM**                                                                **PLAINTIFF**

**v.**                                                        **No. 2:07CV199-P-A**

**COAHOMA COUNTY**
**SHERIFF'S DEPARTMENT, ET AL.**                                       **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Bobby R. Croom, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Croom's remaining claims are that the defendants did not permit inmates in the Coahoma County Jail to receive reading materials other than legal mail and that he was exposed to an inmate who tested positive for tuberculosis. The defendants seek [46] summary judgment on three grounds: (1) Croom has not exhausted his administrative remdies; (2) Croom was neither exposed to tuberculosis nor contracted it; and (3) Croom has not alleged that either of the remaining defendants had anything to do with whether he received outside reading materials. For the reasons set forth below, the defendants' motion [46] for summary judgment will be granted and the instant case dismissed for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## Undisputed Material Facts

Tuberculin testing was performed at the Coahoma County Jail from January 1 through January 31, 2008. The initial results of the tests are attached to the defendants' motion for summary judgment as Exhibit A. While three inmates – Robert Lynch, Thomas Winston, and Paul Clark – had preliminary test results requiring further testing, no inmate was found to have previously undiagnosed tuberculosis. Thus, Croom was never exposed to tuberculosis, and even if he had been, he did not contract the disease while housed as an inmate at the Coahoma County Jail.

Regarding the plaintiff's claim that inmates at the Coahoma Count Jail were denied reading materials, Croom has not alleged that *he* was ever actually denied reading materials or access to them. Rather, he alleges only that "Inmates are not allowed to have nor receive any reading material, books, novels, newspapers, magazines, etc." Plaintiff's complaint at p. 6, ¶11. Croom does not allege that he requested reading materials or other literature and was denied. Further, whether Croom was denied reading materials or not, there is no allegation that *defendants Austin or Suggs* ever denied him any requested reading materials or were in any way involved with that claim. Indeed, other than being named as defendants, Leroy Austin and Calvin Suggs are never again mentioned in the Croom's complaint. The plaintiff admits in his surrebuttal [54] to the defendants' rebuttal brief, "I was not denied any reading material, but other inmates were."

Further, the Coahoma County Jail had in place Inmate Grievance Procedures during the relevant period in this case and made available the Inmate Grievance Form. Croom failed to file the appropriate grievance form or to otherwise follow the jail's grievance procedures as mandated by the Prison Litigation Reform Act.

Finally, the only relief Croom seeks in this case is an injunction requiring the Coahoma County Jail to change its policies.

### Exhaustion of Administrative Remedies

The court must ensure that the plaintiff has exhausted his administrative remedies with the Coahoma County Jail before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not completed grievance process. As such, this case will be dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

### Exposure to Tuberculosis

The defendants have submitted evidence that the plaintiff was not exposed to tuberculosis during his stay at the Coahoma County Jail – and that he did not contract the disease there. The plaintiff has not rebutted this evidence. As such, the plaintiff's claim regarding exposure to tuberculosis will be denied on the merits.

### Denial of Outside Reading Materials

The plaintiff admits that the defendants did not deny *him* access to outside reading materials, although they did block *other* inmates' access to those materials. "[A] section 1983 complaint must be based upon the violation of [a] plaintiff's personal rights, and not upon the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citations

omitted); *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is required to prove some violation of his personal rights. *Id.*, *TOPIC V. Circle Realty Co.*, 532 F.2d 1273 (9th Cir.), *cert. denied*, 429 U.S. 859, 97 S.Ct. 160, 50 L.Ed.2d 137 (1976). As the defendants did not violate Croom's rights regarding reading materials, this claim will be dismissed.

### Injunctive Relief Not Available After an Inmate Leaves the Facility

As he reiterated in his surrebuttal in opposition to the defendants' motion for summary judgment, Croom has requested only injunctive relief against the Coahoma County Jail. However, as he is no longer housed at the Coahoma County Jail, his request for injunctive relief has become moot. *Herman v. Holliday*, 238 F.3d 660 (5th Cir. 2001) (transfer from facility from which facts in complaint arose renders request for injunctive relief moot). The plaintiff's claims must therefore be dismissed.

In sum, the motion [46] by the defendants for summary judgment will be granted, and judgment will be entered for the defendants. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 15th day of July, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE